Doerfer, J.
Plaintiffs, Filippo Fratarolli and Donato Fratarolli d/b/a Via Veneto (Fratarolli) bring this action for violations of G.L.c. 214, §3A and §1B against defendant Bill Communications Inc. (Bill) alleging that Bill published photographs of Fratarolli without permission thereby damaging Fratarolli. Bill moves for summary judgment on the grounds that it did not appropriate the photographs for advertising or trade purposes in violation of G.L.c. 214, §3A nor is the publication of the subject photographs actionable as a false light invasion of privacy claim pursuant to G.L.c. 214, §1B. Fratarolli opposes the motion on the grounds that material issues of fact exist as to the issue of G.L.c. 214, §3A. Based on the following, Bill’s motion is allowed.
FACTS
Bill publishes “Institutional Distribution” (ID), a trade magazine distributed to restaurant and food service distributors. The October 1991 issue of ID displayed a picture of Filippo Fratarolli in a collage of photographs on its cover and in a photo accompanying an article in the magazine entitled, “Information 2000: Computer Wizardry Will Radically Alter How Distributors and Their Customers Communicate.” A picture of Donato Fratarolli also accompanied the article. This article did not mention the Fratarollis and was strictly informational in nature. The article and photographs of the Fratarollis were not advertisements and contained no solicitation or offer to buy or sell any goods or services.
The Fratarollis advertise their restaurants in various Boston area publications and many of these advertisements depict the Fratarollis in chefs garb.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates, an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
G.L.c. 214, §3A states:
Any person whose name, portrait, or picture is used within the Commonwealth for advertising purposes or for the purposes of trade without his written consent may bring a civil action in Superior Court
The interest protected by G.L.c. 214, §3A is the interest in not having the commercial value of one’s name, portrait or picture appropriated to the benefit of another. Tropeano v. Atlantic Monthly Co., 379 Mass. 745, 749 (1980). The value of one’s name, portrait, or picture is not appropriated when it is published for purposes other than taking advantage of his reputation, prestige or other value associated with him for purposes of publicity. Id. A photograph published in connection with an article and not as a means of soliciting sales or in association with advertisement of any kind does not violate G.L.c. 214, §3A. See id. at 751.
In the present case, the article in ID was published for a legitimate, noncommercial use. The fact that Bill is engaged in the business of publication out of which it seeks to make a profit is not enough to make the incidental publication of the Fratarolli photographs a commercial use of name or likeness. See id. at 749. It is undisputed that the article and pictures were not *85 advertisements and contained no solicitation or offer to buy or sell any goods or services. Furthermore, the article did not mention or identify the Fratarollis. The publication of the Fratarollis’ photographs was not an appropriation for advertising purposes or for purposes of trade, rather such publication was incidental to an informational article. Accordingly, the Fratarollis cannot maintain an action under G.L.c. 214, §3A. See Tropeano, supra at 750-51.
The Fratarollis also bring an action for violation of G.L.c. 214, §1B which states: “A person shall have a right against unreasonable, substantial or serious interference with his privacy...” The Fratarollis claim that the use of their photographs in ID did unreasonably cause their images to be placed on public display, did unreasonably cause their name to be portrayed in a false light and did thereby cause them great harm.
The notion of a right of privacy “is founded on the idea that individuals may hold close certain manuscripts, private letters, family photographs or private conduct which is no business of the public and the publicizing of which is, therefore, offensive.” Cefalu v. Globe Newspaper Co., 8 Mass.App.Ct. 71, 77 (1979) (newspaper’s publication of photograph of line of people waiting to collect unemployment benefits, where plaintiff was there as interpreter only, did not constitute an invasion of plaintiffs privacy). “The appearance of a person in a public place necessarily involves doffing the cloak of privacy which the law protects.” Id.
Bill argues, and the plaintiffs have not disputed, that the Fratarollis were not cast in a false light when Bill published their photographs, depicting them as chefs, in connection with an informational article about the use of technology in restaurant-distributor communications. The Fratarollis are chefs and they use telephones, facsimile machines and other computerized equipment in connection with their restaurant business. It is further undisputed that the Fratarollis publish their own photographs as chefs in local magazines. Filippo Fratarolli has had a mural painted on the outside of his building on Causeway Street in Boston which features an image of himself wearing a chefs hat. Finally, ID circulates only to individuals in the food distribution industry and not to the general public. See Brauerv. Globe Newspaper Co., 351 Mass. 53, 58 (1966) (because plaintiff was recognizable by only a small group of intimates, publication of photo fell short of the kind of publicity upon which an action for invasion of privacy would have to be based).
The Fratarollis were not cast in a false light in the public eye and the publication of their photographs in connection with an informational article circulated only among food distributors was not an unreasonable, substantial or serious interference with their privacy. See G.L.c. 214, §1B. Accordingly, the Fratarollis cannot maintain their action for invasion of privacy pursuant to G.L.c. 214, §1B.
ORDER
Based on the foregoing, defendant Bill Communications, Inc.’s motion for summary judgment is ALLOWED as to Counts I and II of the complaint.